UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
Steven Max,

                Plaintiff,                        Civil Action No.:_____

       v.

Forster And Garbus LLP                 **COMPLAINT**

              Defendant(s).
-------------------------------------------------------X

Plaintiff Steven Max ("Plaintiff" or "Max"), by and through its attorney, David C. Steinmetz, of KUNSTLINGER STEINMETZ, LLP, Attorneys at Law, as and for its Complaint against the Defendant Forster And Garbus LLP ("Defendant" or "GARBUS"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et. Seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.     Plaintiff is a resident of the State of NJ, County of Camden, residing at 402 Hialeah Drive, Cherry Hill, NJ 08002.

3.      Defendant is a collection firm with a principal place of business at 60 Motor Parkway, Commack, NY 11725, and, upon information and belief, is licensed to do business in the State of NJ.

4.      GARBUS is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 USC Sec. 1331, as well as 15 USC Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. Sec. 1367 (a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391 (b)(2).

## FACTUAL ALLEGATIONS

7.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.      On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9.      In or around November, 2011, Defendant placed a telephone call to Plaintiff, and left a message for Plaintiff on Plaintiff's answering machine.

10.     Said call contained personal and confidential information.

11.     Said message was a message to collect a debt, and it was left on an answering machine which was played and heard by one or more third parties who each had the right and opportunity to play same.

12. Said message was heard, amongst others, by Plaintiff's son, Tzvi Alter Max.

13. The actions of Defendant led to embarrassment, harassment, and disclosure of confidential information to a third party.

14. Said actions by Defendant violated 15 U.S.C. §1692b(2) which prohibits communicating to a third party, stating that a consumer owes a debt.

15. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered"1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 USC §1692b(2).

18. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

19. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Steven Max demands judgment from the Defendant Forster And Garbus LLP, as follows:

A.    For actual damages provided and pursuant to 15 USC Sec. 1692k(a)(1);

B.    For statutory damages provided and pursuant to 15 USC Sec.1692k(2)(A):

C.    For attorneys' fees and costs provided and pursuant to 15 USC Sec. 1692k(a)(3);

D.    A declaration that the Defendants' practices violated the FDCPA; and,

E.    For any such other and further relief, as well as further costs, expenses and disbursements

of this action, as this Court may deem just and proper.

Dated:  Lakewood, New Jersey
        June, 29, 2012

Respectfully submitted,

By: _____
DAVID C. STEINMETZ
KUNSLINGER STEIMETZ, LLP
Attorneys at Law
Attorney for Plaintiff
212 Second Street, Suite 305
Lakewood, New Jersey 08701
(732) 367-1880

4